UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
JACKSON DIVISION

CHARLES TORNS, JR. AND
CHRISTOPHER B. TORNS                                                                        PLAINTIFFS

V.                                                        CIVIL ACTION NO. 3:13-CV-45-DPJ-FKB

CITY OF JACKSON, et al                                                                       DEFENDANTS

ORDER

This *pro se* civil-rights suit is before the Court on Defendants' motion to dismiss. Plaintiffs have responded in opposition. Having fully considered the premises, the Court concludes that the motion should be granted.

I.    Background

According to the Complaint, Plaintiff Charles Torns, Jr., received a call on August 23, 2011, informing him that Jackson Police Department officers were detaining and searching Torns's relatives at the Jackson West Apartment Complex. Compl. [1-1] ¶ 4. Torns then enlisted his son, Plaintiff Christopher B. Torns, and the two proceeded to the scene "to see why the JPD's officers and [n]arcotic agents were searching" his relatives. *Id.* Plaintiffs contend that in their

> attempts to avoid the area where the officers and agents were conducting their investigation and search, these agents, especially defendant[] Dear called the plaintiffs's [sic] over to the area where they were allegedly conducting their search and investigations, but then JPD's officer W. Horton apprehended, hand-cuffed both the plaintiffs's [sic] . . . .

*Id.* Plaintiffs were then jailed before the charges were later dropped. *Id*. Plaintiffs contend that these actions violated their rights under the First, Fourth, Fifth, Eighth, and Fourteenth Amendments to the United States Constitution. *Id.* ¶ 7. They therefore sued Dear; Horton; the

City of Jackson, Mississippi; the Jackson Police Department (JPD); Rebecca Coleman, Chief of the Jackson Police Department; Pieter Teeuwissen, Jackson City Attorney; Mayor Harvey Johnson, Jr.; and Jackson's City Council's Board's Members.

Defendants now move to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure. More specifically, Defendants Dear and Horton claim qualified immunity, and the rest generally assert that the Complaint fails to state a claim because it makes no specific allegations as to them.

II.     Standard

Under Rule 12(b)(6), the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dallas Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, Plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Twombly*, 550 U.S. at 555 (citations and footnote omitted). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has

not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

The Supreme Court's examination of the issue in *Iqbal* provides a framework for examining the sufficiency of a complaint. First, the district court may "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Id*. Second, "[w]hen there are well-pleaded factual allegations, a court should assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id*. Regardless, "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* at 678 (citing *Twombly*, 550 U.S. at 555).

III.   Analysis

    A.   Qualified Immunity as to Defendants Dear and Horton

Section 1983 precludes deprivation of a right "secured by the Constitution and laws" of the United States by a person acting under color of state law. 42 U.S.C. § 1983; *Daniel v. Ferguson*, 839 F.2d 1124, 1128 (5th Cir. 1988). Dear and Horton seek qualified immunity as to the § 1983 claims asserted against them in their individual capacities. Qualified immunity is a shield from individual liability for "'government officials performing discretionary functions . . . as long as their actions could reasonably have been thought consistent with the rights they are alleged to have violated.'" *Good v. Curtis*, 601 F.3d 393, 400 (5th Cir. 2010) (quoting *Anderson v. Creighton*, 483 U.S. 635, 638 (1987)). "[P]laintiffs who invoke § 1983 must plead specific facts that, if proved, would overcome the individual defendant's immunity defense." *Geter v.*

*Fortenberry*, 849 F.2d 1550, 1553 (5th Cir. 1988). "Further, plaintiffs must demonstrate prior to discovery that their allegations are sufficiently fact-specific to remove the cloak of protection afforded by an immunity defense." *Id*.

"Qualified immunity protects government officials from money damages unless a plaintiff shows: (1) the official violated a statutory or constitutional right; and (2) the right was clearly established at the time of the challenged conduct." *Khan v. Normand*, 683 F.3d 192, 194 (5th Cir. 2012) (citing *Ashcroft v. al-Kidd*, 131 S. Ct. 2074, 2080 (2011)). "The clearly established part of the test is a high bar for a plaintiff to meet as he must show that 'the contours of the right [were] sufficiently clear that a reasonable official would understand that what he is doing violates a right.'" *Batiste v. Theriot*, 458 F. App'x 351, 354 (5th Cir. 2012) (quoting *Anderson*, 483 U.S. at 640). "An officer is entitled to qualified immunity even if [she] violated a constitutional right, so long as [her] actions were objectively reasonable." *Id*. (citing *Spann v. Rainey*, 987 F.2d 1110, 1114 (5th Cir. 1993)). "Unless *all* reasonable officers in the defendants' circumstance would have known that the conduct in question violated the constitution, the defendant is entitled to qualified immunity." *Id*. (citing *Thompson v. Upshur Cnty., Tex.*, 245 F.3d 447, 457 (5th Cir. 2001)).

The Complaint in the present case is difficult to follow. Reading between the lines, Plaintiffs suggest that the officers called them over and then for no reason arrested them for interfering with a police investigation. Compl. ¶ 4. If so, then probable cause would arguably be lacking. *See United States v. McCowan*, 469 F.3d 386, 390 (5th Cir. 2006). But the factual averments are far from clear and also suggest that Plaintiffs went to the scene for the very purpose of injecting themselves into the investigation. *See id*. (averring that Plaintiffs went to

the apartment complex "to see why [t]he JPD's officers and Narcotic agents were searching" their relatives). These averments leave too many uncertainties for the Court to find that Plaintiffs have pleaded facts that are "sufficiently fact-specific to remove the cloak of protection afforded by an immunity defense." *Geter*, 849 F.2d at 1553.

Plaintiffs response to the Defendants' motion fails to clarify their position. In it, Plaintiffs merely state in conclusory fashion that their "complaint pleads enough facts to state a claim . . . ." Pl.s' Resp. [10] at 3. And as to the qualified-immunity argument more specifically, Plaintiffs state that the law is clearly established and that "given the opportunity to prove[] these sworn [sic] facts at a trial, indeed the plaintiff's [sic] would be []as a matter of law, entitled to the reliefs [sic] they seek." *Id*. at 6. Qualified immunity is immunity from suit, and the sum total of Plaintiffs' submissions fail to demonstrate that they are entitled to proceed on these claims. That said, the Court cannot conclude that the pleading defects are incurable. Therefore, dismissal is without prejudice. *Hart v. Bayer Corp.*, 199 F.3d 239, 247 n.6 (5th Cir. 2000).

B.  Defendants Coleman, Teeuwissen, Johnson, and Unnamed Board Members in Individual Capacities

Defendants Coleman, Teeuwissen, Johnson, and the unnamed members of the board all move for dismissal of claims against them in their individual capacities. These Defendants correctly note that the Complaint fails to make any specific allegations as to them and does not place any of them at the scene of the arrest. Plaintiffs never address this deficiency in their Response to the pending motion, offering instead the insufficient and conclusory assertion that their Complaint states a claim.

Section 1983 "does not create vicarious or respondeat superior liability." *Evett v. DETNTFF*, 330 F.3d 681, 689 (5th Cir. 2003) (citing *Monell v. New York City Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978)).  Yet the Complaint in this case offers no hint as to what these Defendants did or did not do.  The Complaint therefore fails to state a claim against them in their individual capacities and all such claims are due to be dismissed without prejudice.  *See Hart*, 199 F.3d at 247 n.6.

C.     Claims Against the City of Jackson

The remaining claims, whether asserted against the City of Jackson directly or against individuals in their official capacities, are ultimately claims against the City.  *See Kentucky v. Graham*, 473 U.S. 159, 165 (1985).

A municipality like the City of Jackson may be held liable under § 1983, but that liability may not rest on respondeat superior and instead must be premised upon "'some official action or imprimatur.'"  *Valle v. City of Hous.*, 613 F.3d 536, 541 (5th Cir. 2010) (*quoting Piotrowski v. City of Hous.*, 237 F.3d 567, 578 (5th Cir. 2001)).  In order to impose § 1983 liability against a municipality, "[a] plaintiff must identify: '(1) an official policy (or custom), of which (2) a policymaker can be charged with actual or constructive knowledge, and (3) a constitutional violation whose "moving force" is that policy or custom.'"  *Id.* at 541–42 (quoting *Pineda v. City of Hous.*, 291 F.3d 325, 328 (5th Cir. 2002)).

In the present case, Plaintiffs make no effort in their Complaint to plead facts that could establish the elements of municipal liability.  And their Response to the pending motion is no better, asserting simply that they have said enough.  Because Plaintiffs fail to plead a facially

plausible claim, *Iqbal*, 556 U.S. at 678, their claims against the City of Jackson are due for dismissal without prejudice. *See Hart*, 199 F.3d at 247 n.6.

IV. Conclusion

The Court has considered all arguments. Those not addressed would not alter the result. For the reasons stated, all motions to dismiss are granted. But because the claims could conceivably be pleaded in a sufficient way, dismissal is without prejudice. A separate judgment will be entered in accordance with Federal Rules of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 17th day of October, 2013.

                                          s/ *Daniel P. Jordan III*
                                          UNITED STATES DISTRICT JUDGE